**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KRISTHEL ORESTES CASTELLANOS ROJAS; et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-71732 <br><br> Agency Nos. A201-756-978 <br> A201-756-979 <br> A201-756-980 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022**

Before:    McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Kristhel Orestes Castellanos Rojas, his wife, and their minor son, natives

and citizens of Guatemala, petition pro se for review of the Board of Immigration

Appeals' order dismissing their appeal from an immigration judge's ("IJ") decision

denying their applications for asylum, and denying Castellanos Rojas's and his

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

wife's applications for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the omission of Castellanos Rojas's political activities in Guatemala from his declaration and initial testimony. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see also Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (petitioner's omissions supported adverse credibility determination where they did not constitute "a mere lack of detail" but "went to the core of his alleged fear"). Castellanos Rojas's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, in this case, the asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). In light of this disposition, we need not reach petitioners' remaining contentions regarding the merits of their claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

20-71732

Substantial evidence supports the agency's denial of CAT relief because petitioners' claims were based on the same testimony the agency found not credible, and they do not point to any other evidence in the record that compels the conclusion that it is more likely than not they would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Farah*, 348 F.3d at 1157.

We reject as unsupported by the record petitioners' contention that the IJ violated their right to due process by not familiarizing himself with the record.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**